1  BILAL A. ESSAYLI
   United States Attorney
2  LINDSEY GREER DOTSON
   Assistant United States Attorney
3  Chief, Criminal Division
   MARK AVEIS (Cal. Bar. No. 107881)
4  Assistant United States Attorney
   Major Frauds Section
5  ELIA HERRERA (Cal. Bar No. 293278)
   Assistant United States Attorney
6  International Narcotics, Money
     Laundering, and Racketeering Section
7        1400 United States Courthouse
         312 North Spring Street
8        Los Angeles, California 90012
         Telephone:  (213) 894-4477/2024
9        Facsimile:  (213) 894-0142
         E-mail:    mark.aveis@usdoj.gov
10                  elia.herrera@usdoj.gov

11 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

12

13              UNITED STATES DISTRICT COURT

14          FOR THE CENTRAL DISTRICT OF CALIFORNIA

15 UNITED STATES OF AMERICA,        No. CR 2:25-cr-00256-FMO

16          Plaintiff,              PLEA AGREEMENT FOR DEFENDANT
                                    CHANTELLE LAVERGNE WOODS
17            v.

18 CHANTELLE LAVERGNE WOODS,

19          Defendant.

20

21      1.   This constitutes the plea agreement between CHANTELLE

22 LAVERGNE WOODS ("defendant") and the United States Attorney's Office

23 for the Central District of California (the "USAO") in the above-

24 captioned case.  This agreement is limited to the USAO and cannot

25 bind any other federal, state, local, or foreign prosecuting,

26 enforcement, administrative, or regulatory authorities.

27               DEFENDANT'S OBLIGATIONS

28      2.   Defendant agrees to:

FILED
CLERK, U.S. DISTRICT COURT

4/8/25

CENTRAL DISTRICT OF CALIFORNIA
BY: ___MRV___ DEPUTY

1    a.   Give up the right to indictment by a grand jury and,

2  at the earliest opportunity requested by the USAO and provided by the

3  Court, appear and plead guilty to a two-count information in the form

4  attached to this agreement as Exhibit A or a substantially similar

5  form, which charges defendant with: (1) Presentation of False

6  Immigration Document or Application, in violation of 18 U.S.C.

7  § 1546(a); and (2) Possession with Intent to Distribute

8  Phendimetrazine, in violation of 21 U.S.C. §§ 841(a)(1),

9  (b)(1)(E)(i)).

10    b.   Not contest facts agreed to in this agreement.

11    c.   Abide by all agreements regarding sentencing contained

12  in this agreement.

13    d.   Appear for all court appearances, surrender as ordered

14  for service of sentence, obey all conditions of any bond, and obey

15  any other ongoing court order in this matter.

16    e.   Not commit any crime; however, offenses that would be

17  excluded for sentencing purposes under United States Sentencing

18  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

19  within the scope of this agreement.

20    f.   Be truthful at all times with the United States

21  Probation and Pretrial Services Office and the Court.

22    g.   Pay the applicable special assessments at or before

23  the time of sentencing unless defendant has demonstrated a lack of

24  ability to pay such assessments.

25    h.   Not seek the discharge of any restitution obligation,

26  in whole or in part, in any present or future bankruptcy proceeding.

27    i.   Defendant agrees that any and all criminal debt

28  ordered by the Court will be due according to a schedule set by the

2

Court.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

j.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

k.   Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

l.   Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. § 1028A arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 13 below.  Defendant understands that the USAO is free to criminally prosecute defendant

for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

<u>NATURE OF THE OFFENSES</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in count one of the Information, that is, Presentation of False Immigration Document or Application, in violation of 18 U.S.C. § 1546(a), the following must be true: (1) defendant made/subscribed as true a false statement; (2) defendant acted with knowledge that the statement was untrue; (3) the statement was material to the activities or decisions of the United States Citizenship and Immigration Services; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities; (4) the statement was made under oath/penalty of perjury; and (5) the statement was made on a document required by immigration laws or regulations.

4

5.     Defendant understands that for defendant to be guilty of the crime charged in count two of the Information, that is, Possession with Intent to Distribute Phendimetrazine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E)(i) the following must be true: (1) defendant knowingly possessed phendimetrazine; and (2) defendant possessed it with the intent to distribute it to another person.

<u>PENALTIES AND RESTITUTION</u>

6.     Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 <u>U.S.C. §</u> 1546(a) is: 10 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.     Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E)(i) is: 10 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.  The statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E)(i) is: a two-year period of supervised release.

8.     Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

9.    Defendant agrees to make full restitution to the victims of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those charges.  The parties currently believe that the applicable amount of restitution is approximately $147,600, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

10.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

11.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant

understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

12.    Defendant and her counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including her attorney or the Court, can predict to an absolute certainty the effect of her convictions on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her pleas may entail, even if the consequence is automatic removal from the United States.

1

FACTUAL BASIS

2   13.   Defendant admits that defendant is, in fact, guilty of the
3   offenses to which defendant is agreeing to plead guilty.  Defendant
4   and the USAO agree to the statement of facts provided below and agree
5   that this statement of facts is sufficient to support pleas of guilty
6   to the charges described in this agreement and to establish the
7   Sentencing Guidelines factors set forth in paragraph 15 below but is
8   not meant to be a complete recitation of all facts relevant to the
9   underlying criminal conduct or all facts known to either party that
10  relate to that conduct.

11      Defendant admits that defendant, in San Luis Obispo County,
12  within the Central District of California, (1) knowingly made and
13  caused to be made, under oath, and as permitted under penalty of
14  perjury under 28 U.S.C. § 1746 knowingly subscribed and caused to be
15  subscribed as true, a false statement with respect to a material fact
16  in an application, affidavit, and other document required by the
17  immigration laws and regulations prescribed thereunder, namely, in a
18  Form I-693, Report of Medical Examination and Vaccination Record, in
19  violation of 18 U.S.C. §§ 1546(a), 2(b); and (2) knowingly and
20  intentionally possessed with intent to distribute phendimetrazine, a
21  Schedule III controlled substance, in violation of 21 U.S.C. §§
22  841(a)(1), (b)(1)(E)(i) as more fully discussed below.  Further,
23  defendant admits that she did the things set forth below which
24  defendant admits establish a factual basis under Fed. R. Crim. P. 11
25  et seq. for the charges set forth in the Information in this case as
26  well as to support the Sentencing Guidelines base offense level set
27  forth in this plea agreement.

28

1      Beginning on a date unknown and continuing until at least July

2   2022, defendant operated and managed a clinic located at 1136 East

3   Grand Avenue, in Arroyo Grande, California 93420, that was at times

4   known as "Medical Weight Loss and Immigration Services" (the

5   "clinic").  Through the clinic, beginning on or around February 2021,

6   defendant knowingly misused the identities of medical doctors

7   (Doctors E.S., R.G., and D.R.) to: (1) charge individuals to fill out

8   Form I-693s that contained false information; (2) acquire controlled

9   substances; and (3) distribute controlled substances.  There were at

10  times no physicians present at the clinic, defendant acted without

11  physician authorization, and the clinic did not provide legitimate

12  medical services.

13      Specifically, on or around March 8, 2021, defendant completed a

14  Form I-693 for victim O.I. that O.I. submitted to the U.S.

15  Citizenship and Immigration Services.  In the Form I-693, defendant

16  knowingly included the signature of Doctor E.S., who was deceased at

17  the time, falsely attesting that O.I. had been medically examined by

18  Doctor E.S.  Defendant charged individuals seeking to complete Form

19  I-693s at the clinic approximately $450.  Defendant completed at

20  least 328 Form I-693s, for at least 328 individuals, and falsely

21  included the signature of a medical doctor (including Doctors E.S.,

22  R.G., and D.F.), falsely attested that the individual listed in the

23  Form I-693 had been medically examined by a doctor, when in fact they

24  had not.

25      Form I-693 is a mandatory document for individuals who are

26  applying to adjust their immigration status and/or seek immigration

27  benefits, and the document is used by the U.S. Citizenship and

28  Immigration Services in order to determine if the applicant is

1   inadmissible to the United States on health-related grounds.  The

2   form is to be completed by a physician who performs the medical

3   examination and sets forth the medical results of various tests,

4   including screens on communicable diseases.  The form is then signed

5   by the physician under penalty of perjury under the laws of the

6   United States attesting, in part, that the physician performed the

7   medical examination and truly and accurately completed the form based

8   on the examination and the information provided by the applicant.

9       In addition, on or around July 21, 2022, at the clinic,

10  defendant knowingly and intentionally possessed with intent to

11  distribute phendimetrazine, a Schedule III controlled substance, and

12  a loaded firearm.  From approximately February 2021 to June 2022,

13  defendant used the Drug Enforcement Administration Registration

14  Number of Doctor E.S., after his death, to order the following

15  controlled substances from distributors A.F.H. and M.M., and

16  possessed the same with intent to distribute them: approximately

17  27,374 units/tablets of various Schedule III controlled substances,

18  including phendimetrazine; testosterone; acetaminophen & codeine #3;

19  and acetaminophen & codeine #4, and approximately 128,800

20  units/tablets of Schedule IV controlled substances, including:

21  diethylpropion; phentermine; alprazolam; zolpidem; and carisoprodol.

22                          SENTENCING FACTORS

23      14.  Defendant understands that in determining defendant's

24  sentence the Court is required to calculate the applicable Sentencing

25  Guidelines range and to consider that range, possible departures

26  under the Sentencing Guidelines, and the other sentencing factors set

27  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

28  Sentencing Guidelines are advisory only, that defendant cannot have

                                    10

any expectation of receiving a sentence within the calculated
Sentencing Guidelines range, and that after considering the
Sentencing Guidelines and the other § 3553(a) factors, the Court will
be free to exercise its discretion to impose any sentence it finds
appropriate up to the maximum set by statute for the crimes of
conviction.

15.   Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

Count One

| | | |
|---|---|---|
| Base Offense Level: | 11 | U.S.S.G. § 2L2.1(a) |
| Offense Involved More than 100 Documents | 9 | U.S.S.G. § 2L2.1(b)(2)(C) |

Count Two

| | | |
|---|---|---|
| Base Offense Level: | 16[1] | U.S.S.G. § 2D1.1(a)(5), (c)(12) |
| Dangerous weapon: | +2 | U.S.S.G. § 2D1.1(b)(1) |

Grouping

| | | |
|---|---|---|
| Multiple Count Adjustment: | +2 | U.S.S.G. § 3D1.1. 3D1.4 |
| Total Offense Level: | 22 | |

---

[1] Under U.S.S.G § 2D1.1 Application Note 27,374 units of Schedule III controlled substances amounts to 27,374 grams of converted drug weight and 128,800 units of Schedule IV controlled substances amounts to 8,050 grams of converted drug weight, for a combined total of 35,424 grams (35.424 kilograms) of converted drug weight.  Under U.S.S.G. § 2D1.1(c)(12), 35.424 kilograms of converted drug weight -- that is, between 20 kilograms and 40 kilograms of converted drug weight -- results in a total offense level of 16.

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

16.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

                    <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

18.  Defendant understands that by pleading guilty, defendant gives up the following rights:

   a.   The right to persist in a plea of not guilty.

   b.   The right to a speedy and public trial by jury.

   c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e.   The right to confront and cross-examine witnesses against defendant.

   f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### LIMITED WAIVER OF DISCOVERY

19.    Defendant acknowledges that she has received certain discovery from the government and that she has had sufficient time to review and discuss that discovery with her attorney.  In exchange for the government's obligations under this agreement, defendant waives and gives up any right she may have to review additional discovery that the government has not produced or to claim that the government has not produced all discovery.  The government will abide with its discovery obligations for sentencing.

### WAIVER OF APPEAL OF CONVICTIONS

20.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

21.    Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction within the statutory

13

maximum, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

22.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

23.  The USAO agrees that provided (a) all portions of the sentence are at or below the statutory maximum specified above and

(b) the Court imposes a term of imprisonment within or above 30 months' imprisonment, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if the amount is less than $147,600.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

24.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing a guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

25.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or

(c) leave defendant's remaining convictions, sentence, and plea
agreement intact.  Defendant agrees that the choice among these three
options rests in the exclusive discretion of the USAO.

EFFECTIVE DATE OF AGREEMENT

26.  This agreement is effective upon signature and execution of
all required certifications by defendant, defendant's counsel, and an
Assistant United States Attorney.

BREACH OF AGREEMENT

27.  Defendant agrees that if defendant, at any time after the
signature of this agreement and execution of all required
certifications by defendant, defendant's counsel, and an Assistant
United States Attorney, knowingly violates or fails to perform any of
defendant's obligations under this agreement ("a breach"), the USAO
may declare this agreement breached.  All of defendant's obligations
are material, a single breach of this agreement is sufficient for the
USAO to declare a breach, and defendant shall not be deemed to have
cured a breach without the express agreement of the USAO in writing.
If the USAO declares this agreement breached, and the Court finds
such a breach to have occurred, then: (a) if defendant has previously
entered guilty pleas pursuant to this agreement, defendant will not
be able to withdraw the guilty pleas, and (b) the USAO will be
relieved of all its obligations under this agreement.

28.  Following the Court's finding of a knowing breach of this
agreement by defendant, should the USAO choose to pursue any charge
that was either dismissed or not filed as a result of this agreement,
then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
## OFFICE NOT PARTIES

29.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

17

to the United States Probation and Pretrial Services Office and the
Court, (b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations and determination of
sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 15 are
consistent with the facts of this case.  While this paragraph permits
both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

31.  Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to the
maximum established by statute, defendant cannot, for that reason,
withdraw defendant's guilty pleas, and defendant will remain bound to
fulfill all defendant's obligations under this agreement.  Defendant
understands that no one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise regarding
the sentence defendant will receive, except that it will be within
the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

32.  Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional

18

1    promise, understanding, or agreement may be entered into unless in a

2    writing signed by all parties or on the record in court.

3                PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

4         33.   The parties agree that this agreement will be considered

5    part of the record of defendant's guilty plea hearing as if the

6    entire agreement had been read into the record of the proceeding.

7    AGREED AND ACCEPTED

8    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
9    CALIFORNIA

10   BILAL A. ESSAYLI
     United States Attorney

11

12   *Elia Herrera*                              4/7/2025

13   ELIA HERRERA                                _____
     Assistant United States Attorney            Date

14

15   *Chantelle Lavergne Woods*                  4-3-2025
     CHANTELLE LAVERGNE WOODS                    _____
     Defendant                                   Date

16

17   /s/ Charles J. Snyder                       April 3, 2025
     CHARLES SNYDER                              _____
     Attorney for Defendant CHANTELLE            Date
18   LAVERGNE WOODS

19

20                      CERTIFICATION OF DEFENDANT

21        I have read this agreement in its entirety.  I have had enough

22   time to review and consider this agreement, and I have carefully and

23   thoroughly discussed every part of it with my attorney.  I understand

24   the terms of this agreement, and I voluntarily agree to those terms.

25   I have discussed the evidence with my attorney, and my attorney has

26   advised me of my rights, of possible pretrial motions that might be

27   filed, of possible defenses that might be asserted either prior to or

28   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

                                    19

1  of relevant Sentencing Guidelines provisions, and of the consequences

2  of entering into this agreement.  No promises, inducements, or

3  representations of any kind have been made to me other than those

4  contained in this agreement.  No one has threatened or forced me in

5  any way to enter into this agreement.  I am satisfied with the

6  representation of my attorney in this matter, and I am pleading

7  guilty because I am guilty of the charges and wish to take advantage

8  of the promises set forth in this agreement, and not for any other

9  reason.

10

11  CHANTELLE LAVERGNE WOODS          4-3-2025
    Defendant                         Date

12

13

14

15

16                  CERTIFICATION OF DEFENDANT'S ATTORNEY

17       I am CHANTELLE LAVERGNE WOODS's attorney.  I have carefully and

18  thoroughly discussed every part of this agreement with my client.

19  Further, I have fully advised my client of her rights, of possible

20  pretrial motions that might be filed, of possible defenses that might

21  be asserted either prior to or at trial, of the sentencing factors

22  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

23  provisions, and of the consequences of entering into this agreement.

24  To my knowledge: no promises, inducements, or representations of any

25  kind have been made to my client other than those contained in this

26  agreement; no one has threatened or forced my client in any way to

27  enter into this agreement; my client's decision to enter into this

28  agreement is an informed and voluntary one; and the factual basis set

                                      20

forth in this agreement is sufficient to support my client's entry of

guilty pleas pursuant to this agreement.

_/s/ Charles J. Snyder_        April 3, 2025
_____    _____
CHARLES SNYDER                      Date
Attorney for Defendant CHANTELLE
LAVERGNE WOODS

EXHIBIT A

1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,              No.

11            Plaintiff,                    I N F O R M A T I O N

12            v.                            [18 U.S.C. § 1546(a): Presentation
                                            of False Immigration Document or
13   CHANTELLE LAVERGNE WOODS,              Application; 21 U.S.C.
        aka "Chantelle Lavergne,"           §§ 841(a)(1), (b)(1)(E)(i):
14      aka "Chantelle Brown,"              Possession with Intent to
        aka "Chantelle Woods,"              Distribute Phendimetrazine]
15

16            Defendant.

17

        The Acting United States Attorney charges:
18

19                              COUNT ONE

20                     [18 U.S.C. §§ 1546(a), 2(b)]

21       On or about March 8, 2021, in San Luis Obispo County, within the

22   Central District of California, defendant CHANTELLE LAVERGNE WOODS,

23   also known as ("aka") "Chantelle Lavergne," aka "Chantelle Brown,"

24   aka "Chantelle Woods," knowingly made and caused to be made, under

25   oath, and as permitted under penalty of perjury under Section 1746 of

26   Title 28, United States Code, knowingly subscribed and caused to be

27   subscribed as true, a false statement with respect to a material fact

28   in an application, affidavit, and other document required by the

immigration laws and regulations prescribed thereunder, namely, in a
Form I-693, Report of Medical Examination and Vaccination Record, in
which defendant stated that: (1) Doctor E.S. had signed the Form I-
693 attesting that Doctor E.S. had conducted a medical examination of
applicant O.I., knowing that, in fact, Doctor E.S. had not signed
such form; and that (2) Doctor E.S. had conducted a medical
examination as prescribed by Form I-693 of applicant O.I., when, in
fact, Doctor E.S. had not performed such examination.

1

<u>COUNT TWO</u>

2

[21 U.S.C. §§ 841(a)(1), (b)(1)(E)(i)]

3       On or about July 21, 2022, in San Luis Obispo County, within the

4   Central District of California, and elsewhere, defendant CHANTELLE

5   LAVERGNE WOODS, also known as ("aka") "Chantelle Lavergne," aka

6   "Chantelle Brown," aka "Chantelle Woods," and others known and

7   unknown to the grand jury, knowingly and intentionally possessed with

8   the intent to distribute phendimetrazine, a Schedule III controlled

9   substance.

10

11

12                              BILAL A. ESSAYLI
                                United States Attorney

13

14                              LINDSEY GREER DOTSON
                                Assistant United States Attorney
15                              Chief, Criminal Division

16                              J. MARK CHILDS
                                Assistant United States Attorney
17                              Chief, International Narcotics,
                                Money Laundering, and
18                              Racketeering Section

19                              ELIA HERRERA
                                Assistant United States Attorney
20                              International Narcotics, Money
                                Laundering, and Racketeering
21                              Section

22                              MARK AVEIS
                                Assistant United States Attorney
23                              Major Frauds Section

24

25

26

27

28

3